IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROY D. HARJO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-266-R |
| | ) |
| GENTNER F. DRUMMOND, | ) |
| | ) |
| Respondent(s). | ) |

### REPORT AND RECOMMENDATION

Petitioner Roy D. Harjo ("Petitioner"), a state prisoner proceeding *pro se*,[1] seeks a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1).[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 5). For the reasons set forth below, the undersigned recommends that Petitioner's application for habeas relief be **DISMISSED with prejudice** as time-barred.

### I. Screening Requirement

The court is required to promptly examine and summarily dismiss habeas petitions prior to any answer or other pleading by the state, "[i]f it plainly appears from the petition

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

1

and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases. As part of this screening authority, the court may address the issue of timeliness. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition."); *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1085 (10th Cir. 2008) (holding a court may dismiss a petition if "untimeliness is clear from the face of the petition"). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has an opportunity to be heard on the issue by filing a timely objection to this Report and Recommendation. *See Smith v. Dorsey*, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof) (citing *Hardiman v. Reynolds*, 971 F.2d 500, 502-05 (10th Cir. 1992)).

## II.     Procedural History

On September 17, 2018, in the Pottawatomie County District Court, Petitioner entered a blind plea to one count of assault and battery with a deadly weapon and four counts of assault with a dangerous weapon. (Doc. 1, at 1-2); *see also* Pottawatomie County District Court, Case No. CF-2017-665.[3]  The Pottawattamie County District Court

---

[3] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=pottawatomie&number=CF-2017-00665&cmid=7899971 (*Docket Sheet*) (last visited May 28, 2025). The undersigned takes judicial notice of the docket sheets and related documents in Petitioner's state criminal proceedings. *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir.

sentenced Petitioner to life imprisonment on all counts. (Doc. 1, at 1); Pottawatomie County District Court, Case No. CF-2017-665, *supra* note 3. Petitioner timely moved to withdraw his guilty plea, but the trial court denied the motion. Pottawatomie County District Court, Case No. CF-2017-665, *supra* note 3. Petitioner then timely filed a petition for a writ of certiorari with the Oklahoma Court of Criminal Appeals ("OCCA"), and the OCCA denied the petition on August 29, 2019. (Doc. 1, at 2); OCCA, C-2018-1235.[4]

On July 30, 2020, Petitioner filed an Application for Post-Conviction Relief in the Pottawatomie County District Court asserting that the court lacked jurisdiction over his case pursuant to *McGirt v. Oklahoma*, 591 U.S. 894 (2020). (Doc. 1, at 3); Pottawatomie County District Court, Case No. CF-2017-665, *supra* note 3. On September 18, 2023, Petitioner sought a writ of mandamus from the OCCA, requesting that the OCCA order the Pottawatomie County District Court to rule on his Application. *See* OCCA, Case No. MA-2023-781.[5] The OCCA directed the Pottawatomie County District Court to rule on the Application within thirty days if it had not already done so. *Id.* On October 12, 2023, the Pottawatomie County District Court denied the Application under *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), as Petitioner's conviction was final when

---

2009) (exercising discretion "to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

[4]   https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=C-2018-1235&cmid=125413 (*Docket Sheet*) (last visited May 28, 2025).

[5] https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=MA-2023-781&cmid=136198 (*Docket Sheet*) (last visited May 28, 2025)

*McGirt* was decided. (Doc. 1, at 3); Pottawatomie County District Court, Case No. CF-2017-665, *supra* note 3. Petitioner timely filed a notice of post-conviction appeal but failed to timely file a petition in error and supporting brief. Pottawatomie County District Court, Case No. CF-2017-665, *supra* note 3.

On January 18, 2024, Petitioner filed a second Application for Post-Conviction Relief, requesting permission to appeal the denial of his first Application out of time. *Id.* The Pottawatomie County District Court recommended allowing the appeal out of time, *id.*, and the OCCA granted the request, OCCA, Case No. PC-2024-74.[6] Petitioner filed his post-conviction appeal, and the OCCA affirmed the lower court's denial of his first Application on May 31, 2024. (Doc. 1, at 24); OCCA, Case No. PC-2024-130.[7] Petitioner filed a petition for a writ of certiorari with the United States Supreme Court on August 16, 2024, and the Supreme Court denied the petition on November 18, 2024. (Doc. 1, at 4); Supreme Court of the United States, Case No. 24-5552.[8]

### III. The Petition

On February 27, 2025, Petitioner filed the instant Petition, challenging his Pottawatomie County convictions and sentences pursuant to *McGirt* and other related

---

[6]     https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2024-74&cmid=137002 (*Docket Sheet*) (last visited May 28, 2025).

[7]     https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2024-130&cmid=137132 (*Docket Sheet*) (last visited May 28,2025).

[8]https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/24-5552.html (*Docket Sheet*) (last visited May 28, 2025).

4

authorities. (Doc. 1, at Ex. 1).[9] In Ground One, Petitioner states that he is an "[e]nrolled member of Muscogee (Creek) Nation of Oklahoma, since 1983, blood degree 7/8." (*Id.* at 5). In Ground Two, Petitioner argues that the "District Court of Pottawatomie County lack[s] jurisdiction and sovereign authority to prosecute Petitioner and Native Americans." (*Id.* at 6). In Ground Three, Petitioner states that "all Eastern Oklahoma is Indian County under Major Crime Act and General Crime Act" and that "authority belongs to the United States." (*Id.* at 8). Petitioner also filed a Brief in Support of his Petition providing additional argument for the grounds above. (*See* Doc. 2). In the Brief, Petitioner also argues that his counsel provided ineffective assistance during his preliminary hearing and that his counsel provided ineffective assistance during his post-conviction proceedings. (*Id.* at 15-17).

IV. **Analysis**

    A. **AEDPA's One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period for federal habeas claims by petitioners in state custody. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[9] *See Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) (applying the prison mailbox rule to habeas petition) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)).

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* AEDPA includes a tolling provision for properly filed post-conviction actions:

> The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* at § 2244(d)(2).

### B. The Petition Should Be Dismissed Because It Is Untimely.

#### 1. The Petition Is Untimely Under § 2244(d)(1)(A).

Unless a petitioner alleges facts implicating §§ 2244(d)(1)(B), (C), or (D), "[t]he limitations period generally runs from the date on which the state judgment became final[,] . . . but is tolled during the time state post-conviction review is pending." *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (citing §§ 2244(d)(1)(A), 2244(d)(2)). Since Petitioner timely moved to withdraw his guilty plea and timely appealed the denial of the motion with the OCCA, but did not seek review by the United States Supreme Court, his judgment became final when the time to file a petition for certiorari passed. *Jones v. Patton*, 619 F. App'x 676, 678 (10th Cir. 2015); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). A petition for certiorari must be filed with the United States Supreme Court within 90 days of the entry of judgment by the state court of last resort. Sup. Ct. R. 13(1). The OCCA affirmed the state district court on August 29, 2019, so Petitioner's judgment

6

became final 90 days later, on November 27, 2019. The one-year statute of limitations began the next day. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). Thus, prior to any tolling event, Petitioner's deadline to file his habeas petition was November 28, 2020. *See id.* (noting the limitations period began the day after the judgment became final and ended one year later on the same day).

The statute of limitations ran until Petitioner filed his first Application for Post-Conviction Relief on July 30, 2020, which was 120 days before the end of the limitations period. The limitations period was tolled while the first Application was pending before the state district court and during the window in which Petitioner could have appealed the state district court's denial of his first Application. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) ("[W]e hold today that, regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."). In Oklahoma, a party appealing the disposition of a post-conviction application regarding a non-capital felony must submit a petition in error and supporting brief to the OCCA within sixty days of the state district court's final order. OCCA Rule 5.2(C). The Pottawatomie County District Court denied Petitioner's Application on October 12, 2023, so Petitioner had until December 11, 2023, to appeal the denial to the OCCA. Since Petitioner did not file an appeal during this sixty-day window, the statute of limitations resumed running on December 12, 2023.

The limitations period then ran for thirty-seven more days, until January 18, 2024, when Petitioner filed his second Application for Post-Conviction relief in which he sought

an appeal out of time. *See Gibson*, 232 F.3d at 804-05, 807 (holding that statute of limitations runs between end of appeal window and the filing of an application to appeal out of time). The statute of limitations was tolled during the pendency of the second Application before the state district court and the OCCA. Since the OCCA granted the second Application, and Petitioner timely filed the materials needed to appeal the denial of the first Application, the limitations period remained tolled until the OCCA ruled on the appeal. *See id.* at 807.

The OCCA affirmed the state district court's denial of the first Application on May 31, 2024. The limitations period resumed running the next day, on June 1, 2024. Petitioner timely filed a petition for a writ of certiorari with the United States Supreme Court, but such an event does not toll the statute of limitations. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari."). Furthermore, Petitioner has not argued that equitable tolling should apply, nor has he alleged extraordinary circumstances suggesting that equitable tolling is appropriate. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). Thus, the statute of limitations ran for the remaining eighty-three days, until August 23, 2024, when it expired. Since Petitioner filed this habeas action on February 27, 2025, over six months

after the expiration of the statute of limitations, the Petition is untimely under § 2244(d)(1)(A).

### 2. Section 2244(d)(1)(C) Is Not Applicable Because *McGirt* Did Not Recognize a New Constitutional Right.

Section 2244(d)(1)(C) allows the statute of limitations to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, as the Tenth Circuit has clearly stated, "*McGirt* announced no new constitutional right" and thus does not allow Petitioner additional time to file his habeas petition under § 2244(d)(1)(C). *Pacheco v. Habti*, 62 F.4th 1233, 1246 (10th Cir.), *cert. denied*, 143 S. Ct. 2672, 216 L. Ed. 2d 1245 (2023). Rather, *McGirt*, "self-professedly resolved a question of 'statutory interpretation,' surveying many 'treaties and statutes,' to determine that '[t]he federal government promised the Creek a reservation in perpetuity' and 'has never withdrawn the promised reservation.' The opinion addressed the United States Constitution only to explain Congress's exclusive authority to disestablish Indian reservations." *Id*. (quoting *McGirt*, 140 S.Ct. at 2474, 2476, 2482). Because § 2244(d)(1)(C) does not apply in this case, and Petitioner does not allege facts implicating §§ 2244(d)(1)(B) or (D), Petitioner's action is untimely.

### V. Recommended Ruling and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED with prejudice**

as time-barred. *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) ("Dismissal of a [§ 2254 habeas] petition as time barred operates as a dismissal with prejudice[.]").

**The undersigned advises Petitioner of his right to object to this Report and Recommendation by June 18, 2025,** under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the Petitioner that failure to make timely objection to this report and recommendation waives his right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 28th day of May, 2025.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE