UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROY D. HARJO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-266-R |
| ) | |
| GENTNER F. DRUMMOND, ) | |
| ) | |
| Respondent. ) | |

# ORDER

This action is before the Court for review of the Report and Recommendation [Doc. No. 9] issued by United States Magistrate Judge Amanda L. Maxfield pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial screening of the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1], Judge Maxfield recommends that the action be dismissed with prejudice as barred by the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1). Petitioner[1] filed a timely Objection [Doc. No. 10] which gives rise to the Court's obligation to undertake a de novo review of those portions of the Report to which a specific objection is made.

Judge Maxfield's Report sets forth the procedural history of Petitioner's state court prosecution and post-conviction proceedings, and the Court will not repeat that history here. After determining the date on which Petitioner's judgment of conviction became final and applying AEDPA's tolling provision, Judge Maxfield concluded that the statute of

---

[1] Because Petitioner is proceeding pro se, the Court liberally construes his filings but does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

limitations for Petitioner to submit his federal habeas petition expired on August 23, 2024, over six months before the filing of this action. Judge Maxfield also concluded that Petitioner had not raised any issues that might warrant equitable tolling or alleged facts that would implicate any other provision of AEDPA's limitations statute.

Petitioner's Objection mainly contains merits-based arguments that do not address Judge Maxfield's conclusions regarding the timeliness of his Petition. The only relevant argument the Court can discern is Petitioner's assertion that he is entitled to equitable tolling because he was unaware that the limitations period was not tolled during the pendency of his petition for a writ of certiorari with the United States Supreme Court and he has been diligently pursuing his rights.

A habeas petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). The habeas petitioner "bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (internal quotation marks omitted). "[A] garden variety claim of excusable neglect…does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (internal quotation marks and citation omitted).

Petitioner argues that his lack of knowledge regarding AEDPA's limitations period and tolling rules should excuse his untimely filing. "However, it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation

2

marks omitted). Petitioner's confusion or lack of knowledge regarding the law does not present an extraordinary circumstance that might warrant equitable tolling. Ultimately, Petitioner's Objection presents no persuasive argument or authority that would cause this Court to reject Judge Maxfield's application of ADEPA's statute of limitations and tolling provisions.

Accordingly, the Report and Recommendation [Doc. No. 9] is ADOPTED and this action is DISMISSED with prejudice as time barred.

Additionally, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not met this standard and a certificate of appealability is therefore denied.

**IT IS SO ORDERED** this 23rd day of June 2025.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

4